45 F.3d 436
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTSMEN LOCAL
NO. 1 OF NEVADA, et al., Plaintiffs/Appellees,
v.
LEON'S MARBLE & GRANITE, INC.; Leon Treants, d/b/a Leon's
Custom Tile Work, Defendants/Appellants.
 No. 92-16547.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1994.*
Decided Dec. 16, 1994.
 
 Before: SKOPIL, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs, the International Union of Bricklayers & Allied Craftsmen, et al. ("union"), sued defendants, Leon's Custom Tile Work, et al. ("Leon's"), to enforce the provisions of two collective bargaining agreements requiring Leon's to make payments to a Health and Welfare Fund on behalf of union employees. On this claim, the district court granted the union summary judgment. Leon's now appeals. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The facts are undisputed. The union and Leon's executed two collective bargaining agreements ("CBAs"), one for tilesetters and one for tilehelpers, for the period of November 1, 1988 to June 30, 1990. The tilesetters CBA said, in pertinent part:
 
 
 4
 Each individual Employer covered by this Agreement shall contribute ... for each hour worked by Craftsmen and Apprentices employed by such individual Employer under this Agreement to a Health and Welfare Fund, and will be subject to and entitled to the benefits of all the provisions of the Trust Agreement establishing that fund.
 
 
 5
 The tilehelpers CBA contained essentially the same provision. The Trust Agreement detailed the procedure by which Leon's was to make the payments to the already established Health and Welfare Fund. After making some contributions to the Health and Welfare Fund consistent with the Trust Agreement, Leon's stopped making contributions.
 
 
 6
 Leon's argues that, under the Labor Management Relations Act, it is not required to pay benefits to the Health and Welfare Fund as outlined in the CBAs. Under the Labor Management Relations Act, employers may not supply--and employees and unions may not demand--any money or any thing of value in excess of normal compensation, except for, inter alia, "money or other thing of value paid to a trust fund ... [so long as] the detailed basis on which such payments are to be made is specified in a written agreement with the employer." 29 U.S.C. Sec. 186(a)(3), (b), & (c)(5).
 
 
 7
 The CBAs in this case do not establish a "detailed basis on which such payments are to be made." However, the Trust Agreement does. We have held that, if a CBA contains a "clear reference" to a trust agreement which details the basis on which payments are to be made, the demands of the Labor Management Relations Act are met. Paddack v. Dave Christensen, Inc., 745 F.2d 1254, 1263 (9th Cir.1984).[1] Leon's argues that, in this case, there was no such "clear reference" to the Trust Agreement contained in the CBAs. The language in the CBAs referencing the Trust Agreement, Leon's claims, is "hopelessly ambiguous and meaningless." Bl.Br. at 15. The district court rejected this argument. Relying on Paddack, the district court held that the CBAs language indicating that Leon's "will be subject to and entitled to the benefits of all the provisions of the Trust Agreement establishing that fund" provided the necessary "clear reference." We agree.
 
 
 8
 In Paddack, the "written collective bargaining agreements specif[ied] that the basis for the fund contributions [was] the master trust agreement." 745 F.2d at 1263. This specification was entirely sufficient for us to conclude that a "clear reference" to a document detailing the terms of the contributions had been made. The reference in this case to a "Health and Welfare Fund" and "the Trust Agreement establishing that fund" is at least as explicit as the Paddack reference to a "master labor agreement."
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The CBA need not explicitly incorporate the trust agreement. Paddack, 745 F.2d at 1263